IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-25-338** |
| | * | |
| **SEAN PAUL HURD,** | * | |
| | * | |
| **Defendant** | * | |
| | ****** | |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

The Government offers this memorandum in aid of sentencing Sean Paul Hurd (Defendant), scheduled for February 23, 2026, and submits that a guidelines sentence followed by a 3-year period of supervised release is the appropriate resolution to this case.

**I. BACKGROUND**

The Defendant was found with a loaded firearm during a traffic stop on February 28, 2023. He was prohibited from carrying firearms because of a voluntary manslaughter conviction in 2015, for which the Defendant was sentenced to 8 years of imprisonment and 5 years of supervised release. On June 17, 2015, the Defendant had shot another individual, Antonio Bryant, 10 times in Southeast Washington D.C., killing him. PSR ¶ 32.

The Defendant was on supervised release for that crime when he was found with the firearm on February 28, 2023 and was charged with being a felon in possession of a firearm in Prince George's County Circuit Court. The Federal Government adopted the case, and the Maryland state case was subsequently placed on the stet docket.

The new gun charge led to the Defendant's conditions of supervised release being revoked and the Defendant being sentenced to 18 months of imprisonment.

The Government agrees with the timeline of the Defendant's pretrial incarceration and

home detention, which reflects an approximately 577 day term of imprisonment from the DC sentence following revocation of supervised release, 383 days spent in federal custody related to the present case, followed by 119 days of home detention as of the anticipated date of sentencing, February 23, 2026. See ECF 27 at 11-12.

## II. ARGUMENT

The evidence supports a guidelines sentence in this case.

### a. Guidelines

The Government calculates the U.S.S.G. in line with the PSR in this case, which place the Defendant at a total offense level of 20 and a criminal history category of II. PSR ¶ 24, 35. The Government agrees that it is appropriate in this case to apply a 2-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because the Defendant went to trial to preserve an issue that did not relate to factual guilt, as laid out in U.S.S.G. § 3E1.1, App Note. 2.

The Government's proposed recommendation of a guidelines sentence is based off a calculation of an offense level of 18 and a criminal history category of II, resulting in an advisory guidelines range of 30-37 months of imprisonment.

### b. Departure

No appropriate departures have been identified.

### c. Factors under 18 U.S.C. § 3553(a)

Under the factors set forth in 18 U.S.C. § 3553(a), a guidelines sentence is sufficient, but no greater than necessary, to achieve the goals of sentencing. The stipulation of facts makes clear that the Defendant, a prohibited person for a firearm-related offense, chose to arm himself again.

Two goals of sentencing: to protect the public and specifically deter the Defendant, drive

the Government's recommendation that a guidelines sentence is appropriate in this case.

### d. D.C. Supervised Release Violation Considerations

The Defendant's 577-day term of imprisonment for violating supervised release in his D.C. voluntary manslaughter case should not reduce the sentence imposed in this case. That term of imprisonment was specifically tied to his previous, very serious crime of voluntary manslaughter and the contract he broke with the D.C. state court to abide by his conditions of supervised release following that crime.

U.S.S.G. § 5G1.3(d) makes clear that the Court would have had discretion of whether to run the sentence in the instant case concurrent to the Defendant's term of imprisonment for his violation of supervised release on his voluntary manslaughter conviction if the sentences had overlapped. It would also now be within the Court's discretion to consider that prior term of imprisonment when fashioning an appropriate sentence under § 3553(a), even though the Court cannot award formal credit for that time under 18 U.S.C. § 3585(b). However, the Court should not do so.

U.S.S.G. §7B1.3(f) advises (in the context of a policy statement) that:

> "Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release."

While this policy statement non-binding, it reflects the reality that a term of imprisonment following revocation of supervised release punishes the breach of trust with the original sentencing court – in this case, the District of Columbia Superior Court, not the new criminal

3

conduct. Courts routinely recognize that revocation sentences are intended to sanction the defendant's breach of trust, not the new criminal conduct, and therefore may properly run consecutive to a sentence imposed for the new offense. See <u>United States v. Crudup</u>, 461 F.3d 433, 438 (4th Cir. 2006) ("[T]he sentence imposed upon revocation [is] intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision."

This, in particular, is a case where consecutive time would have been appropriate because of the seriousness of the underlying crime. That seriousness led to a long period of supervised release following imprisonment – 5 years – and reflected the Superior Court's apparent determination that the Defendant needed that long period of supervision to ensure the public was protected. The breach of trust by the Defendant by arming himself shortly after he finished serving a lengthy sentence for a crime of violence is more acute here than in almost any other circumstance.

### III. **CONCLUSION**

For the reasons stated, as well as those presented at the sentencing hearing, the Government submits that a guidelines sentence, followed by a term of 3 years of supervised release, is the appropriate resolution to this case.

    Respectfully submitted,

    Kelly O. Hayes
    United States Attorney

    <u>/s/ Darren S. Gardner</u>
    Darren S. Gardner
    Assistant United States Attorney